# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 23, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TABATHA L. LESTER, WIDOW OF
KENNETH LESTER,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0033** (BOR Appeal No. 2048613)
                      (Claim No. 2012013289)

**EQT CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tabatha L. Lester, widow of Kenneth Lester, by John C. Blair, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. EQT Corporation, by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 23, 2013, in which the Board affirmed a July 12, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 21, 2011, decision which denied a request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lester, a compressor operator, passed away on May 31, 2011, due to a heart attack he had while at work. Mrs. Lester, his widow, asserts that extreme heat contributed to his previously unknown heart condition and resulted in his death. Mr. Lester had previously been diagnosed with obesity, high cholesterol, and type II diabetes. On the day he died, Mr. Lester told his wife and coworkers that he was having pain in his arms and elbows. He had experienced similar episodes in the prior weeks. Mr. Lester's job required him to work outside and wear fire

1

retardant clothing. Testimony by coworkers indicates it was extremely hot the day he died; however, they all drank plenty of water and cooled down in their trucks when necessary. Mr. Lester was discovered in his truck after leaving the work site to cool down. The death certificate indicates the cause of death was atherosclerotic coronary artery disease. It stated that the disease had been present for years. The autopsy report found that the cause of death was natural and noted that there was no dehydration present.

Mrs. Lester testified in a deposition that Mr. Lester had never visited a cardiologist. His father has a history of heart disease, and his uncle had a heart attack. She stated that the morning he died, Mr. Lester had chest pains at home. At the time of his death, his diabetes was controlled, he had lost weight, and his cholesterol had gone down. Tracey Cline, Mr. Lester's coworker, also testified in a deposition. He stated that on the day of his death, Mr. Lester was not acting normally and was having pain in his elbows. Mr. Cline suggested that he seek medical attention but Mr. Lester declined. Mr. Cline discovered Mr. Lester in his truck after he passed away. He and another coworker got him out of the truck but did not attempt cardiopulmonary resuscitation because it appeared that he had been dead for several minutes. Mr. Lester's other coworker, Terry Godfrey, also testified in a deposition. He stated that the activities performed that day were not particularly strenuous aside from a brief five to ten minute period.

Anthony Morise, M.D., performed a case review on January 15, 2013. He opined that Mr. Lester's death was due to natural causes, namely sudden cardiac death. Prior to his death, Mr. Lester had a risk of a coronary event that was in the high to intermediate range due to diabetes, obesity, hypertension, and high cholesterol. Dr. Morise found no indication of aggravation of the pre-existing condition by environmental, external, or emotional factors. Mr. Lester's heart muscle was thickened, and he had significant narrowing in all three major coronary arteries which took years to build up.

The claims administrator rejected the claim on October 21, 2011. The Office of Judges affirmed the decision in its July 12, 2013, Order. Mrs. Lester argued before the Office of Judges that Mr. Lester died as the result of his work environment, namely extreme heat. The Office of Judges determined that the evidence failed to establish a credible causal connection between Mr. Lester's heart attack and his work conditions on the day he died. The Office of Judges found that the evidence indicates he complained of numbness and tingling in his arms prior to beginning his work day. He also had similar symptoms approximately two weeks before and failed to seek medical treatment. After working for a few hours, Mr. Lester reported no similar or worsening complaints to his coworkers. Also, the evidence shows that the work activities that day were not strenuous in nature apart from a brief five to ten minute period, after which Mr. Lester and his coworkers took an hour long break.

The Office of Judges determined that Mrs. Lester's argument was not supported by any medical opinion correlating Mr. Lester's job duties with his cardiac arrest. In contrast, EQT Corporation presented the report of Dr. Morise who found that Mr. Lester died as the result of natural, non-work-related causes. The Office of Judges concluded that the instant case was comparable to previous decisions by this Court in which it was determined that a heart attack suffered at work is not compensable without a causal connection to the job duties. *See, eg.,*

2

*Barnett v. State Workmen's Comp. Comm'r*, 153 W.Va. 796, 172 S.E.2d 698 (1970), *Williams v. State Comp. Comm'r,* 127 W.Va. 78, 31 S.E.2d 546 (1944). The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its December 23, 2013, decision.

On appeal, Mrs. Lester argues that Mr. Lester's job duties aggravated his underlying heart condition and caused his death. EQT Corporation asserts that Mr. Lester's heart attack resulted from his underlying heart condition, type II diabetes, and obesity. It further argues that he had symptoms of a heart attack prior to beginning work that day. After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record fails to show a causal connection between Mr. Lester's job duties and his fatal heart attack. The only medical report of record to address causality states that Mr. Lester's death was the result of natural causes and was not work-related.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  January 23, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II